TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
RYAN C. CHAPMAN (Cal. Bar No. 318595)
Assistant United States Attorney
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-2471
     Facsimile: (213) 894-7819
     E-mail: Ryan.Chapman@usdoj.gov

Attorneys for Defendant
United States Coast Guard

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| MARITIME DOCUMENTATION CENTER CORP.,<br><br>       Plaintiff<br><br>       v.<br><br>UNITED STATES COAST GUARD,<br><br>       Defendant. | No. EDCV 21-00489 JWH (SPx)<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Separate Statement of Uncontroverted Facts, Declaration of Ternia R. Pipkins, Declaration of Captain Jason D. Neubauer, and Proposed Judgment filed concurrently]*<br><br>Hearing Date:   December 17, 2021<br>Hearing Time:   9:00 a.m.<br>Ctrm:         2<br><br>Honorable John W. Holcomb<br>United States District Judge |

# **TABLE OF CONTENTS**

DESCRIPTION                                                                                    PAGE

TABLE OF AUTHORITIES ........................................................................i

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT....................iv

MEMORANDUM OF POINTS AND AUTHORITIES ....................................... 1

I.      INTRODUCTION ........................................................................ 1

II.     STATEMENT OF UNDISPUTED FACTS........................................... 1

        A.      The Merchant Vessels of the United States ........................... 1

        B.      Plaintiff's FOIA request and the Coast Guard's response ........................ 2

III.    LEGAL STANDARD ................................................................... 4

IV.     ARGUMENT............................................................................. 6

        A.      The Coast Guard's search for records was reasonably calculated to uncover all responsive documents................................................ 6

        B.      The Coast Guard properly withheld the names and addresses of vessel owners under FOIA Exemption 6. ........................................ 7

                1.      The PII at issue is a "similar file" subject to protection under Exemption 6. ............................................. 7

                2.      There is a strong privacy interest in protecting the names and addresses of individuals. ................................. 8

                3.      Release of vessel owners' names and addresses would not advance the public interest................................. 11

        C.      The Coast Guard properly withheld information under FOIA Exemption 7(C). ........................................................ 13

V.      CONCLUSION............................................................................ 15

i

# TABLE OF AUTHORITIES

DESCRIPTION                                                                                          PAGE

**FEDERAL CASES**

*Am. Fed'n of Gov't Emps., AFL-CIO, Local 1923 v. Dep't of Health & Human Servs.,*
   712 F.2d 931 (4th Cir. 1983) ...................................................................... 10

*Baker v. United States,*
   817 F.2d 560 (9th Cir. 1987) ....................................................................... 4

*Cameranesi v. U.S. Dep't of Def.,*
   856 F.3d 626 (9th Cir. 2017) .......................................................... 7, 9, 10, 11

*Church of Scientology Int'l v. IRS,*
   995 F.2d 916 (9th Cir. 1993) ...................................................................... 13

*Church of Scientology of Cal. v. U.S. Dep't of Army,*
   611 F.2d 738 (9th Cir. 1979) ...................................................................... 14

*Citizens Comm'n on Human Rights v. FDA,*
   45 F.3d 1325 (9th Cir. 1995) .................................................................... 4, 6

*Delaney, Migdail & Young, Chartered v. IRS,*
   826 F.2d 124 (D.C. Cir. 1987) ..................................................................... 5

*Dep't of Justice v. Tax Analysts,*
   492 U.S. 136 (1989) ................................................................................... 4

*Forest Serv. Emps. for Envtl. Ethics v. U.S. Forest Serv.,*
   524 F.3d 1021 (9th Cir. 2008) .......................................................... 8, 11, 12

*Founding Church of Scientology, Inc. v. Bell,*
   603 F.2d 945 (D.C. Cir. 1979) ..................................................................... 5

*Hinton v. Dep't of Justice,*
   844 F.2d 126 (3d Cir. 1988) ........................................................................ 5

*Iturralde v. Comptroller of Currency,*
   315 F.3d 311 (D.C. Cir. 2003) ..................................................................... 6

*Kissinger v. Reporters Comm. for Freedom of the Press,*
   445 U.S. 136 (1980) ................................................................................... 4

*Lahr v. NTSB,*
   569 F.3d 964 (9th Cir. 2009) ................................................................... 6, 14

i

*Lane v. Dep't of Interior*,
   523 F.3d 1128 (9th Cir. 2008) ............................................................ 4, 7

*Lewis v. IRS*,
   823 F.2d 375 (9th Cir. 1987) .............................................................. 5

*Minier v. CIA*,
   88 F.3d 796 (9th Cir. 1996) ................................................................ 5

*Minnis v. U.S. Dep't of Agric.*,
   737 F.2d 784 (9th Cir. 1984) ......................................................... 7, 8, 9, 12

*Nation Magazine v. U.S. Customs Serv.*,
   71 F.3d 885 (D.C. Cir. 1995) ............................................................. 6

*Nat'l Archives & Records Admin. v. Favish*,
   541 U.S. 157 (2004) ....................................................................... 7

*Nat'l Ass'n of Retired Fed. Emps. v. Horner*,
   879 F.2d 873 (D.C. Cir. 1989) ....................................................... 9, 10, 13

*Oglesby v. U.S. Dep't of Army*,
   920 F.2d 57 (D.C. Cir. 1990) ............................................................. 6

*Rojas v. FAA*,
   941 F.3d 392–05 (9th Cir. 2019) ........................................................ 8

*Rosenfeld v. Dep't of Justice*,
   57 F.3d 803 (9th Cir. 1995) ............................................................. 13

*SafeCard Servs. Inc. v. SEC*,
   926 F.2d 1197 (D.C. Cir. 1991) ......................................................... 6

*Spurlock v. FBI*,
   69 F.3d 1010 (9th Cir. 1995) ........................................................... 4, 5

*U.S. Dep't of Def. v. Fed. Labor Relations Auth.*,
   510 U.S. 487 (1994) .............................................................. <u>passim</u>

*U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*,
   489 U.S. 749 (1989) ................................................................... 8, 12

*U.S. Dep't of State v. Wash. Post Co.*,
   456 U.S. 595 (1982) ....................................................................... 7

*Vaughn v. Rosen*,
   484 F.2d 820 (D.C. Cir. 1973) ........................................................... 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Weisberg v. U.S. Dep't of Justice*,
   627 F.2d 365 (D.C. Cir. 1980) ...................................................... 4

*Wine Lobby USA, Inc. v. IRS*,
   502 F.2d 133 (3d Cir. 1974) ...................................................... 10

*Zemansky v. EPA*,
   767 F.2d 569 (9th Cir. 1985) ...................................................... 6

**Federal Statutes**

5 U.S.C. § 552 ...................................................... <u>passim</u>

5 U.S.C. § 552(a)(4)(B) ...................................................... 4

5 U.S.C. § 552(b)(6) ...................................................... 7

5 U.S.C. § 552(b)(7)(C) ...................................................... 13

## <u>NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT</u>

PLEASE TAKE NOTICE that, on December 17, 2021 at 9:00 a.m., as soon thereafter as they may be heard, Defendant United States Coast Guard will, and hereby does, move this Court for summary judgment. This motion will be made in the George E. Brown, Jr. Federal Building and Courthouse before the Honorable John W. Holcomb, United States District Judge, located at 3470 Twelfth Street, Riverside, CA 92501.

Defendant brings the motion on the grounds that it has fully complied with its obligations under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and that Plaintiff Maritime Documentation Center Corp. cannot raise a genuine dispute as to any material fact or otherwise prevail under FOIA, and Defendant is therefore entitled to judgment as a matter of law.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which was initiated on September 30, 2021 and continued on October 4, 2021.

Dated: October 8, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

_/s/Ryan C. Chapman_
RYAN C. CHAPMAN
Assistant United States Attorney

Attorneys for Defendant
United States Coast Guard

iv

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.   INTRODUCTION

Maritime Documentation Center Corp. ("Plaintiff") submitted a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request to the United States Coast Guard, seeking an unredacted copy of the Merchant Vessels of the United States data file.  This data file is a public record of all merchant and recreational vessels documented by the Coast Guard under federal law and is updated monthly.  The public version of this file contains identifying information about each vessel but does not contain any personally identifying information ("PII") about the owners of those vessels.  Plaintiff's FOIA request sought that information.  The Coast Guard responded by releasing a version of this file that included the ownership information of those vessels owned by corporations, trusts, and other institutional entities but withheld the ownership information of vessels owned by individuals under FOIA Exemptions 6 and 7(C).  § 552(b)(6), (7)(C).  Plaintiff then filed this lawsuit, seeking the remaining ownership information.

To be clear, Plaintiff is asking the Court to provide it with the names and addresses of the owners of the nearly 300,000 boats documented by the Coast Guard.  FOIA was not intended to justify the release of vast quantities of individual citizens' information and Defendant is entitled to summary judgment.  First, the Coast Guard conducted a search reasonably calculated to uncover all records responsive to Plaintiff's FOIA request.  Second, Plaintiff's request would invade the privacy interests of these individuals without advancing any public interest.  Accordingly, the Coast Guard correctly withheld the names and addresses of these owners under Exemptions 6 and 7(C) and the Court should grant summary judgment for Defendant.

## II.   STATEMENT OF UNDISPUTED FACTS

### A.   The Merchant Vessels of the United States

The Merchant Vessels of the United States is a data file that contains the information of all "merchant and recreational vessels documented under the laws of the United States by the Coast Guard."  Declaration of Captain Jason D. Neubauer

1

1    ("Neubauer Decl.") ¶ 8.  This information is sourced through two databases: The Coast

2    Guard's Marine Information for Safety and Law Enforcement ("MISLE") database and

3    the Vessel Documentation System ("VDS") database.  *Id.* ¶ 9.  The MISLE is a Coast

4    Guard database used "to schedule and record operational activities such as vessel

5    boardings, facility inspections, marine casualty investigations, pollution response

6    actions, law enforcement actions, and search and rescue operations."  *Id.*  The VDS is a

7    database of vessels that are registered through the Coast Guard's National Vessel

8    Documentation Center.  *Id.* ¶ 6; *see also* Declaration of Ternia R. Pipkins ("Pipkins

9    Decl.") ¶ 5.  Vessel documentation is a national form of registration that provides

10   evidence of nationality for international trade, allows certain vessels to engage in

11   restricted trades, and provides a registrar of vessels available to protect and defend the

12   United States in a time of war.  Neubauer Decl. ¶¶ 6 & 7.  Documentation is required for

13   certain commercial vessels and optional for certain recreational vessels.  *Id.* ¶ 7.

14          The information included in the Merchant Vessels of the U.S. data file is extracted

15   from these databases monthly and is available to the public in a redacted form.  *Id.* ¶ 10.

16   PII of owners is not publicly available, but other information is, including "the type of

17   endorsements (*e.g.*, coastwise or fisheries), size, homeport, where the vessel was built,

18   and method of propulsion."  *Id.*

19          In the past, the Merchant Vessels of the U.S. file contained the PII of vessel

20   owners.  *Id.* ¶ 16.  During this time, vessel owners would frequently receive unsolicited

21   offers from third parties to renew their vessel documentation.  *Id.*  The Coast Guard and

22   other agencies received complaints from these owners, who had paid these third parties

23   higher fees than if they had paid the Coast Guard directly under the mistaken belief that

24   the offers were directly from the Coast Guard.  *Id.*  To better safeguard vessel owners'

25   PII, effective June 12, 2017, the Coast Guard removed the names and addresses from the

26   public file.  *Id.*

27          **B.    Plaintiff's FOIA request and the Coast Guard's response**

28          Plaintiff is a vessel documentation corporation that assists vessel owners who wish

2

1  to register their vessels with the National Vessel Documentation Center.  Compl. ¶¶ 10,

2  17.  One method by which Plaintiff advertises its services is to contact vessel owners

3  when their registration is due to expire and offer to assist with the renewal process in

4  exchange for a fee.  *Id.* ¶¶ 49, 86 & Ex. L (ECF. No. 1-12).

5        Plaintiff submitted a FOIA request to the Coast Guard on April 13, 2020,

6  requesting the previously public information from the Merchant Vessels of the United

7  States.  Neubauer Decl. ¶ 3 & Ex. A; *see also* Pipkins Decl. ¶ 4.  Specifically, Plaintiff

8  sought the "(1) organization name, (2) owner's first and last name, (3) address, (4)

9  certificate of documentation status, (5) certificate of documentation issue date, (6)

10  certificate of documentation expiration date, etc." *Id.*  The Coast Guard assigned the

11  request FOIA number 2020-CGFO-01682.  Neubauer Decl. ¶ 5.

12        The Coast Guard responded to the request on June 23, 2020, by releasing a

13  partially redacted copy of the Merchant Vessels of the United States data file.  *Id.* ¶ 13 &

14  Ex. C.  The release was compiled through a search of the VDS and MISLE databases

15  and converted into a Microsoft Excel file, per Plaintiff's request.  *Id.* ¶¶ 11 & 13; *see*

16  *also* Pipkins Decl. ¶ 6.  The release consisted of a single spreadsheet containing 374,713

17  rows of data, i.e., information concerning 374,713 different vessels.  *See* Pipkins Decl.

18  ¶ 6; Neubauer Decl. ¶ 12 & Ex. B.[1]  Of that data, the Coast Guard determined that it

19  could release 76,520 rows of data in their entirety and partially release 298,193 rows of

20  data.  Pipkins Decl. ¶ 7; Neubauer Decl. ¶¶ 12 & 13.  Citing Exemptions 6 and 7(C), the

21  Coast Guard withheld the names and addresses of individual vessel owners.  Neubauer

22  Decl. ¶ 14 & Ex. C; Pipkins Decl. ¶ 7; *see also* Neubauer Decl. Ex. B (data columns

23  BB–BI).

24        Plaintiff administratively appealed the partial denial on July 6, 2020, specifically

25  seeking the "redacted name of individual owners and their addresses."  Neubauer Decl.

26

27       [1] Because the entire spreadsheet is impractical to attach as an exhibit, Exhibit B consists of a representative sample from the FOIA release showing ten rows of data that

28  were released to Plaintiff with PII redacted.  Neubauer Decl. ¶ 12 & Ex. B.

¶ 18 & Ex. D.  The Coast Guard denied the appeal on February 24, 2021, again relying on Exemptions 6 & 7(C).  *Id.* ¶ 19 & Ex. E.  Plaintiff then filed this lawsuit on March 23, 2021.  ECF No. 1.

## III.   LEGAL STANDARD

The United States can only be sued to the extent that it has waived its sovereign immunity.  *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987).  The waiver of sovereign immunity under FOIA permits the Court to have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).  Federal jurisdiction to order disclosure "is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'"  *Spurlock v. FBI*, 69 F.3d 1010, 1015 (9th Cir. 1995).  "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements."  *Id.* (quoting *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)).  Thus, the Court only has jurisdiction over agency records or documents that are improperly withheld.

Under FOIA, an agency's decision to withhold information from a FOIA requester is subject to de novo review by the courts.  5 U.S.C. § 552(a)(4)(B).  The agency has the burden to justify the nondisclosure of documents and establish that a particular document is exempt from disclosure.  *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1328 (9th Cir. 1995).

FOIA cases are typically decided on motions for summary judgment.  *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008).  In FOIA suits, to be entitled to summary judgment, the agency must prove that each document (1) was produced, (2) was not withheld, (3) is unidentifiable, or (4) is exempt from disclosure.  *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).  To meet its burden, the agency may rely on affidavits or declarations and other evidence which shows that the documents are exempt from disclosure.  *Lane*, 523 F.3d at 1135–36.  In evaluating a

4

claim for exemption, this Court must accord substantial weight to an agency's affidavits, "provided the justifications for nondisclosure are not controverted by contrary evidence in the record or by evidence of [agency] bad faith." *Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996). Summary judgment may be granted solely on the basis of agency affidavits or declarations if they contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption. *See Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir. 1987) ("district court need look no further").

These declarations or affidavits (singly or collectively) are often referred to as a *Vaughn* Index, after the case of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). "A *Vaughn* Index must: (1) identify each document withheld; (2) state the statutory exemption claimed; and (3) explain how disclosure would damage the interests protected by the claimed exemption." *Spurlock*, 69 F.3d at 1012 n.1. The *Vaughn* Index need not be incredibly detailed, but "must be sufficiently specific to permit a reasoned judgment as to whether the material is actually exempt under FOIA." *Founding Church of Scientology, Inc. v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979). An agency need not specify its objections to disclosure in such detail as to compromise the secrecy of the information. *Lewis*, 823 F.2d at 378.

There is no set formula for a *Vaughn* index. It is the content, not the form which is important. "The materials provided by the agency may take any form so long as they give the reviewing court a reasonable basis to evaluate the claim of privilege." *Delaney, Migdail & Young, Chartered v. IRS*, 826 F.2d 124, 128 (D.C. Cir. 1987); *see also Hinton v. Dep't of Justice*, 844 F.2d 126, 129 (3d Cir. 1988) ("All that is required, and it is the least that is required, is that the requester and the trial judge be able to derive from the index a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure.").

## IV.   ARGUMENT

### A.   The Coast Guard's search for records was reasonably calculated to uncover all responsive documents.

In FOIA cases, "[t]he adequacy of the agency's search is judged by a standard of reasonableness, construing the facts in the light most favorable to the requestor." *Citizens Comm'n on Human Rights*, 45 F.3d at 1328 (citing *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985)).  An agency's search for records is considered "adequate" if it was conducted "using methods which can be reasonably expected to produce the information requested."  *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (internal quotation marks omitted); *see also Lahr v. NTSB*, 569 F.3d 964, 986 (9th Cir. 2009); *SafeCard Servs. Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (the agency need only show that "the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant").  The "issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Citizens Comm'n on Human Rights*, 45 F.3d at 1328; *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) ("[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search.").  An agency's search need not be exhaustive, it need only be a good faith, reasonable search of those systems of records likely to possess the requested records.  *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

After receiving the FOIA request, the Coast Guard conducted a search of the VDS and MISLE databases.  Pipkins Decl. ¶ 6; Neubauer Decl. ¶ 11.  These are the two databases that source the Merchant Vessels of the U.S. data file.  Neubauer Decl. ¶ 9.  By searching the two databases where this information was stored, the Coast Guard conducted a search that was reasonably calculated to produce all the responsive records.  Pipkins Decl. ¶ 8.

**B.    The Coast Guard properly withheld the names and addresses of vessel owners under FOIA Exemption 6.**

The Coast Guard properly withheld the names and addresses of individual vessel owners from the records release.  Exemption 6 of FOIA protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  § 552(b)(6).  As a threshold matter, Exemption 6 only applies to records that are determined to be personnel, medical, or similar files.  Thus, the Court must first determine that the records at issue are "similar files" within the meaning of Exemption 6.

Application of Exemption 6 then requires a balancing of the harm to the individual whose privacy is breached against the public interest served by disclosure.  *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 496 (1994) [hereinafter *FLRA*].  The Ninth Circuit relies upon a two-part balancing test: "First, [the Court] evaluate[s] the personal privacy interest at stake to ensure that disclosure implicates a personal privacy interest that is nontrivial or . . . more than [] de minimis." *Cameranesi v. U.S. Dep't of Def.*, 856 F.3d 626, 637 (9th Cir. 2017) (internal quotation marks omitted).  If the agency meets the burden of showing a nontrivial privacy interest, then "the requester 'must show that the public interest sought to be advanced is a significant one and that the information [sought] is likely to advance that interest.'"  *Id.* (quoting *Lane*, 523 F.3d at 1137).  "Otherwise, the invasion of privacy is unwarranted."  *Id.* (quoting *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004)).

1.    The PII at issue is a "similar file" subject to protection under Exemption 6.

As to the threshold issue, the PII of vessel owners constitutes "similar files" within the meaning of Exemption 6.  The phrase "similar files" is broadly construed to apply to any "government records containing 'information which applies to a particular individual.'" *Minnis v. U.S. Dep't of Agric.*, 737 F.2d 784, 786 (9th Cir. 1984) (quoting *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982)).  Accordingly, courts

7

1    have long recognized that Exemption 6 applies based on the content of the government

2    record, not its label.  *See, e.g.*, *Rojas v. FAA*, 941 F.3d 392, 404–05 (9th Cir. 2019)

3    (redacted email addresses were "similar files" because they applied to particular

4    individuals); *Forest Serv. Emps. for Envtl. Ethics v. U.S. Forest Serv.*, 524 F.3d 1021,

5    1024 (9th Cir. 2008) (names of employees in investigative report were "similar files").

6         Plaintiff's FOIA request sought the names and addresses of the owners of

7    registered vessels.  Neubauer Decl. ¶ 3 & Ex. A; Pipkins Decl. ¶ 4.  The Ninth Circuit

8    has held that "[l]ists of names and addresses meet this definition" and are considered

9    similar files.  *Minnis*, 737 F.2d at 786 (holding that the names and addresses of all

10   persons who applied for boating permits were similar files protected from disclosure).

11   The PII sought by Plaintiff is plainly information that applies to particular individuals.

12   Accordingly, the redacted information falls within Exemption 6.

13              2.    <u>There is a strong privacy interest in protecting the names and</u>

14                    <u>addresses of individuals.</u>

15        The Coast Guard correctly considered the strong personal privacy interest

16   individuals possess in their names and addresses when it redacted that information from

17   the records release.  The Supreme Court has rejected the idea that Exemption 6 only

18   applies to a "cramped notion of personal privacy."  *U.S. Dep't of Justice v. Reporters*

19   *Comm. for Freedom of Press*, 489 U.S. 749, 763 (1989).[2]  At the heart of the exemption

20   is the individual's right to the "control of information concerning his or her person."

21   *Reporters Comm.*, 489 U.S. at 763.  Thus, the agency can properly withhold information

22   even if it is already available elsewhere.  *FLRA*, 510 U.S. at 500 ("An individual's

23   interest in controlling the dissemination of information regarding personal matters does

24   not dissolve simply because that information may be available to the public in some

25   form.").

26

27        [2] Although *Reporters Committee* concerns Exemption 7(C), courts apply a similar
     balancing test to the two exemptions and treat cases analyzing the personal privacy
28   interests as interchangeable.  *See FLRA*, 510 U.S. at 496 n.6.

8

To meet its burden, the agency need only show that the disclosure of such information would implicate a nontrivial privacy interest.  A disclosure implicates such an interest if it "would subject individuals to possible embarrassment, harassment, or the risk of mistreatment."  *Cameranesi*, 856 F.3d at 638.  The agency need not show that these privacy invasions are certain to occur, only that "the requested disclosure has '[t]he potential' to result in" them.  *Id.* at 639.

Plaintiff seeks the release of names and addresses of the owners of nearly 300,000 vessels.  "Every list of names and addresses sought under FOIA is delimited by one or more defining characteristics" and the strength of the privacy interest "depends upon the nature of the defining characteristics, i.e., whether it is significant that an individual possesses them."  *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989) [hereinafter *NARFE*].  Courts have repeatedly recognized that a list of names and addresses coupled with a defining characteristic constitutes a significant privacy interest.

*Minnis* is on point.  In that case, the plaintiff owned a commercial lodge on a river and filed a FOIA request seeking the names and addresses of all persons who applied for permits to travel on that river in that year.  *Minnis*, 737 F.2d at 785.  He sought this list specifically so he could contact these people and notify them of his services.  *Id.* at 786–87.  The Ninth Circuit recognized that this was not an abstract list of individuals, it was a list of those who wanted to boat down the river, which thereby revealed "their personal interests in water sports and the out-of-doors."  *Id.* at 787.  Revealing their names and addresses in connection with this characteristic would "subject[] the applicants to an unwanted barrage of mailings and personal solicitations" from commercial advertisers.  *Id.*  This defining characteristic and the risk of harassment from disclosure implicated a significant privacy interest that justified withholding the list.  *Id.* at 788.

The Supreme Court and other circuits are in accord with the Ninth Circuit that a list of names and addresses in connection with a characteristic of commercial value constitutes a significant privacy interest.  *See, e.g.*, *FLRA*, 510 U.S. at 501 (recognizing

9

"the interest that individuals have in preventing at least some unsolicited, unwanted mail from reaching them at their homes.  We are reluctant to disparage the privacy of the home, which is accorded special consideration in our Constitution, laws, and traditions."); *NARFE*, 879 F.2d at 876 (list properly withheld because "[a]ny business or fund-raising organization for which such individuals might be an attractive market could get from the Government, at nominal cost, a list of prime sales prospects to solicit"); *Am. Fed'n of Gov't Emps., AFL-CIO, Local 1923 v. Dep't of Health & Human Servs.*, 712 F.2d 931, 932 (4th Cir. 1983) ("Disclosure could subject the employees to an unchecked barrage of mailings and perhaps personal solicitations, for no effective restraints could be placed on the range of uses to which the information, once revealed, might be put."); *Wine Lobby USA, Inc. v. IRS*, 502 F.2d 133, 137 (3d Cir. 1974) ("One consequence of this disclosure is that a registrant will be subjected to unsolicited and possibly unwanted mail from Wine Hobby and perhaps offensive mail from others.").  Accordingly, the release of a list of names and addresses of individuals implicates the sanctity of the home and is afforded special consideration as a privacy interest.

Like *Minnis*, the list of names and addresses here is not an abstract list.  This PII is connected to these individuals' ownership of specific boats.  Neubauer Decl. ¶¶ 10 & 11.  The FOIA release already includes, among other information, the vessel's name, identification number, purpose (recreational, commercial fishing, etc.), size and tonnage, builder and build year, hailing port, and hull material.  *Id.* ¶ 10 & Ex. B (data columns A, B, H, K–O, X, AT, BR, & BT).  The Coast Guard correctly considered the harm that would result from exposing each owner's name and address to unsolicited and unwanted contact from commercial entities with interests in any one of the above categories.  *Id.* ¶¶ 15 & 16.  This is the exact type of contact that courts have recognized Exemption 6 protects against.[3]

---

[3] The Complaint suggests that the individual vessel owners have no privacy interest in their names and addresses because the Coast Guard previously published this information before the 2017 policy change.  *See* Compl. ¶¶ 3, 60–62, 79.  The Ninth Circuit has already rejected, as irrelevant to the FOIA analysis, the argument that a

*(footnote cont'd on next page)*

While the agency need only show there is the potential for these contacts to occur, in light of both past experiences and Plaintiff's Complaint, these contacts are nearly certain to occur.  The Coast Guard has previously dealt with the complaints from vessel owners who used to be contacted by third parties when their PII was public.  Neubauer Decl. ¶ 16.  Additionally, Plaintiff admits that its business model relies on contacting vessel owners and that both Plaintiff and other companies would use this list for commercial purposes.  Compl. ¶¶ 10, 17, 49, 82, 84, 86.  In light of the commercial value of this list in connection with these individuals' ownership and registration of their vessels, the release of this PII implicates a significant privacy interest.

> ### 3.   Release of vessel owners' names and addresses would not advance the public interest.

Once the agency establishes that a significant privacy interest is at stake, the burden then shifts to the Plaintiff to show that the release is likely to advance a significant public interest before the Court balances the interests.  *See Cameranesi*, 856 F.3d at 637.  "Two guideposts are critical to [this] analysis." *Forest Serv. Emps.*, 524 F.3d at 1024–25.  "First, the only relevant public interest is the extent to which disclosure would contribut[e] significantly to public understanding of the operations or activities of the government." *Id.* at 1025 (internal quotation marks omitted). "[I]nformation about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct is not the type of information to which FOIA permits access." *Id.* (internal quotation marks omitted).

Second, the reasons that Plaintiff seeks the requested information are "irrelevant" to the public interest.  *See id.*  "[W]hether an invasion of privacy is warranted cannot

---

policy change indicates information should be released.  *See Cameranesi*, 856 F.3d at 645 (agency correctly withheld names of instructors and students of military academy, despite having a previous policy of publishing the list).  "FOIA does not impose a duty on the government to provide a satisfactory explanation of a change in its policy; rather, it merely requires us to decide on the record before us whether disclosure of the requested information would give rise to a 'clearly unwarranted' invasion of privacy." *Id.*

turn on the purposes for which the request for information is made." *FLRA*, 510 U.S. at 496 (quoting *Reporters Comm.*, 489 U.S. at 771). "FOIA provides every member of the public with equal access to public documents and, as such, information released in response to one FOIA request must be released to the public at large." *Forest Serv. Emps.*, 524 F.3d at 1025.

The release of the list of names and addresses would reveal nothing about the operations or activities of the government that would be in the public interest. The Complaint identifies several potential interests that relate to Plaintiff's (and other's) commercial interests in the boating industry. *See* Compl. ¶¶ 82–84, 86. To the extent Plaintiff and other companies can utilize this information to provide for-fee services to boat owners, that commercial interest "confers no public benefit weighing in favor of disclosure." *See Minnis*, 737 F.2d at 787; *see also FLRA*, 510 U.S. at 497 ("Disclosure of the addresses might allow the unions to communicate more effectively with employees, but it would not appreciably further 'the citizens' right to be informed about what their government is up to.'").

The Complaint also suggests that releasing this information will allow the public to research the accuracy and efficiency of the Coast Guard's vessel documentation process, thereby shedding light on the agency's operations. *See* Compl. ¶ 82. But, as Plaintiff recounts in its Complaint, there have already been extensive Government Accountability Office reports detailing the operations and challenges the Coast Guard faces in its vessel documentation process. Compl. ¶¶ 25, 28–37 & Ex. J (ECF No. 1-10). The Ninth Circuit rejected a similar argument in *Forest Service Employees* where the plaintiff claimed releasing the names of government employees in an investigative report would shed light on the underlying incident. *See* 524 F.3d at 1027 ("[T]he FSEEE 'already ha[s] a substantial amount of the information they seek,' and we will not require the disclosure of the employees' identities unless the 'marginal additional usefulness' of such information is sufficient to overcome the privacy interests at stake."). Between the existing reports on the Coast Guard's vessel documentation process and the extensive

information already available in the public file, releasing the PII of vessel owners will not significantly contribute to understanding the Coast Guard's operations.

When balancing the privacy interests at stake in the absence of a significant public interest, courts have recognized that "something, even a modest privacy interest, outweighs nothing every time." *NARFE*, 879 F.2d at 879; *accord* FLRA, 510 U.S. at 500 (recognizing that even "a very slight privacy interest" would outweigh "the virtually nonexistent FOIA-related public interest in disclosure").  The vessel owners have more than a slight privacy interest in their names and addresses and there is no public interest that would be appreciably furthered by releasing this information.  Accordingly, the balance weighs in favor of nondisclosure and the agency correctly withheld the list under Exemption 6.

### C.     The Coast Guard properly withheld information under FOIA Exemption 7(C).

Defendant is independently entitled to summary judgment because the Coast Guard properly redacted the PII of vessel owners under Exemption 7(C).  Exemption 7(C) allows the government to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).

As a threshold issue when analyzing Exemption 7, the Court must determine whether the document in question has a law enforcement purpose, which, in turn, requires examination of whether the agency serves a "law enforcement function." *Church of Scientology Int'l v. IRS*, 995 F.2d 916, 919 (9th Cir. 1993).  Where the government agency in a FOIA case has a clear law enforcement mandate, it "need only establish a 'rational nexus' between enforcement of a federal law and the document for which [a law enforcement] exemption is claimed" to meet this threshold requirement. *Rosenfeld v. Dep't of Justice*, 57 F.3d 803, 808 (9th Cir. 1995) (internal quotation marks omitted).  However, if the agency has "a 'mixed' function, encompassing both

13

1   administrative and law enforcement functions," the agency must show "that it had a
2   purpose falling within its sphere of enforcement authority in compiling the particular
3   document." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 748 (9th
4   Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. FDA*, 836 F.3d
5   987, 990 (9th Cir. 2016) (en banc) (per curiam).

6       Once the threshold requirement is satisfied, similar to Exemption 6, the court must
7   "balance the privacy interest protected by the exemption[] against the public interest in
8   government openness that would be served by disclosure." *Lahr*, 569 F.3d at 973. While
9   both Exemption 6 and Exemption 7(C) require this balancing, "Exemption 7(C)'s
10  privacy language is broader than the comparable language in Exemption 6 in two
11  respects." *Id.* at 974. Exemption 6 requires that the invasion of privacy be "clearly"
12  unwarranted, but Exemption 7(C) does not contain that word. *Id.* In addition,
13  Exemption 7(C) prevents disclosures that "could reasonably be expected to constitute an
14  unwarranted invasion of privacy," whereas Exemption 6 speaks to information that
15  "would constitute" such an unwarranted invasion. *Id.* "In other words, although both
16  exemptions require the court to engage in a similar balancing analysis, they differ in the
17  magnitude of the public interest that is required to override the respective privacy
18  interests protected by the exemptions." *Id.* (internal quotation marks omitted).

19      Similar to Exemption 6, "personal privacy interests" under Exemption 7(C) are
20  interpreted broadly and the public interest is limited only to the core purpose of FOIA:
21  revealing the activities of government agencies. *Id.* Moreover, the interest served by
22  disclosure must be "a significant one, an interest more specific than having the
23  information for its own sake," and the requester must show "that disclosure is likely to
24  advance that interest." *Id.*

25      Here, the Coast Guard invoked Exemption 7(C) to withhold the names and
26  addresses of documented vessel owners with respect to personal privacy information. As
27  a national security and law enforcement service branch, the Coast Guard has a clear law
28  enforcement mandate. The Coast Guard utilizes the information recorded in the VDS

and MISLE to carry out its vessel documentation mission and other law enforcement activities, including the tracking of vessel nationality, confirming the lawful authority of vessels to engage in certain activities, determining which laws apply to vessels based on build date, and confirming vessel identification.  Neubauer Decl. ¶ 17.  Accordingly, even if viewed as a mixed-purpose agency, the Coast Guard compiles and utilizes these records as a part of its enforcement authority.

As discussed above, individuals have a clear privacy interest in their names and addresses, while there is little, if any, public interest that the release of the information would satisfy.  Even assuming the release of this information would not be "clearly unwarranted" under Exemption 6, the public interest at issue does not clear the higher bar required under Exemption 7(C).  Therefore, the Coast Guard properly withheld this information pursuant to Exemption 7(C).

# V.  CONCLUSION

For the foregoing reasons, Defendant requests that this Court grant summary judgment in favor of Defendant and against Plaintiff.


Dated: October 8, 2021                    Respectfully submitted,

                                          TRACY L. WILKISON
                                          Acting United States Attorney
                                          DAVID M. HARRIS
                                          Assistant United States Attorney
                                          Chief, Civil Division
                                          JOANNE S. OSINOFF
                                          Assistant United States Attorney
                                          Chief, General Civil Section


                                           */s/Ryan C. Chapman*
                                          RYAN C. CHAPMAN
                                          Assistant United States Attorney

                                          Attorneys for Defendant
                                          United States Coast Guard

15