TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
RYAN C. CHAPMAN (Cal. Bar No. 318595)
Assistant United States Attorney
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-2471
     Facsimile: (213) 894-7819
     E-mail: Ryan.Chapman@usdoj.gov

Attorneys for Defendant
United States Coast Guard

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| MARITIME DOCUMENTATION CENTER CORP., <br><br> Plaintiff <br><br> v. <br><br> UNITED STATES COAST GUARD, <br><br> Defendant. | No. EDCV 21-00489 JWH (SPx) <br><br> **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> Hearing Date:  December 17, 2021 <br> Hearing Time:  9:00 a.m. <br> Ctrm:         2 <br><br> Honorable John W. Holcomb <br> United States District Judge |

## REPLY MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT

## I.   INTRODUCTION

In opposing Defendant's Motion for Summary Judgment (ECF No. 37), Plaintiff argues that it is entitled to the personally identifiable information ("PII") of vessel owners whose names and addresses are currently redacted from the Merchant Vessels of the United States data file.  In its scattershot Opposition (ECF No. 39), and without reference to any supporting case law, Plaintiff attempts to make this case about several other issues, such as the Coast Guard's 2017 policy change, Plaintiff's commercial business, and the National Vessel Documentation Center's ("NVDC") alleged deficiencies.  But Plaintiff's argument and submitted declaration never meaningfully engage with the actual issue before this Court: Whether the Freedom of Information Act ("FOIA") requires the government to release to the general public the names and addresses of nearly 300,000 vessel owners.  The answer is unequivocally no.

Despite Plaintiff's aspersions on Captain Neubauer's declaration, Plaintiff does not challenge the facts essential to the FOIA issue in this case: Plaintiff seeks the names and addresses of vessel owners in order to use that information for commercial purposes, the Coast Guard met its obligation to search for responsive records, and the Coast Guard redacted these names and addresses under FOIA Exemptions 6 and 7(C), 5 U.S.C. § 552(b)(6), (7)(C), which require a balancing test between the privacy interest at stake and the public interest in disclosure.  Ultimately, much of Plaintiff's argument is irrelevant to determining whether Defendant met its burden of justifying the redactions under this balancing test.  Accordingly, Plaintiff has failed to dispute these essential points and Defendant is entitled to summary judgment.[1]

---

[1] Plaintiff also asks the Court to take judicial notice of several websites and government publications.  Plf.'s Request for Judicial Notice, ECF No. 43.  To the extent Plaintiff seeks judicial notice of government publications, both in print or on the internet, Defendant does not dispute that those are proper subjects of judicial notice.  However, for the reasons discussed below, Defendant asks that the Court deny Plaintiff's Request because it is unnecessary to resolve the FOIA issues in this case.

## II.   ARGUMENT

### A.   Plaintiff does not dispute that the Coast Guard's search for records was reasonably calculated to uncover all responsive documents.

Under FOIA, a government agency is required to conduct a good faith search for documents that is reasonably calculated to respond to the FOIA request.  MSJ at 6. Plaintiff does not dispute that Defendant conducted this search.  Pl.'s Resps. to Def.'s Uncontroverted Facts at 3 [ECF No. 41] (admitting SUF No. 10).  Accordingly, Defendant is entitled to summary judgment on this issue.

### B.   The Coast Guard properly withheld the names and addresses of vessel owners under FOIA Exemption 6.

#### 1.   Plaintiff does not meaningfully dispute that the PII at issue falls within Exemption 6.

Defendant is entitled to summary judgment because Plaintiff does not raise any triable issue of fact as to the application of FOIA Exemption 6 to the PII at issue.  If a FOIA request seeks personnel, medical, or "similar files," then courts balance the personal privacy interest at stake with the public interest in disclosure to determine if the privacy invasion is warranted.  *Cameranesi v. U.S. Dep't of Def.*, 856 F.3d 626, 637 (9th Cir. 2017); MSJ at 7.

As a threshold matter, Plaintiff presents only a bare allegation that the PII at issue is not a "similar file" for the purposes of Exemption 6.  Opp. at 18.  But Plaintiff does not dispute the broad interpretation that courts apply to "similar files" or that courts have already concluded that Exemption 6 applies to lists of names and addresses.  MSJ at 7–8; *see Minnis v. U.S. Dep't of Agric.*, 737 F.2d 784, 786 (9th Cir. 1984).  Thus, the PII at issue falls within Exemption 6.

#### 2.   Plaintiff's arguments do not meaningfully dispute that individuals have a significant privacy interest in their PII.

Defendant has met its burden of showing that releasing the PII implicates a nontrivial privacy interest.  MSJ at 8–11.  Courts have long recognized a privacy interest

in a list of individuals' names and addresses and that interest may be nontrivial depending "upon the nature of the defining characteristics" revealed by that list. *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989) [hereinafter NARFE].  Plaintiff makes the cursory assertion that the PII at issue would only identify individuals as "having registered a vessel with the NVDC, or owning a vessel," which Plaintiff argues is a de minimis characteristic.  Opp. at 19.  But Plaintiff ignores the ample legal authority holding that a significant privacy interest in avoiding unwanted commercial contact is implicated when the defining characteristic has commercial value.  MSJ at 9–10.  Release of the PII in this case would connect these individuals' names and addresses with all the information about their vessels contained in the data file.  MSJ at 10.  This would subject these individuals "to an unwanted barrage of mailings and personal solicitations" based on this information.  *Minnis*, 737 F.2d at 787.

Plaintiff does not dispute that there is the potential for these unwanted contacts to occur; to the contrary, Plaintiff readily admits that it (and other businesses) intend to use this PII to solicit customers.  Opp. at 5–6, 16, 21; *see also* Declaration of John Soria ¶¶ 32–42, 44.  Regardless of how attractive Plaintiff thinks its own services are, Plaintiff "ignores the possibility that some members [of the public] would be irritated rather than enlightened by unwanted solicitations." *Minnis*, 737 F.2d at 787; *see also* MSJ at 10–11. Plaintiff has failed to respond to these authorities recognizing the substantial privacy interest at stake in this case.

Instead of arguing the law interpreting FOIA Exemption 6 and how it applies to this case, Plaintiff elects to raise numerous factual issues in an attempt to muddy the waters.  As explained below, Plaintiff's arguments are largely irrelevant to the FOIA analysis and do not alter the conclusion that individuals have a significant privacy interest in their PII.

        a.    *Prior release of PII in the Merchant Vessels of the U.S. file*

Plaintiff argues that because the names and addresses of vessel owners were publicly available in the Merchant Vessels of the U.S. data file prior to 2017, current

vessel owners have no privacy interest in their PII.  Opp. at 4, 19.  But, contrary to Plaintiff's belief, *Cameranesi* held that an agency is under no obligation to explain a policy decision to withhold information under FOIA that was previously public.

In *Cameranesi*, the Department of Defense released lists of the names of students and instructors who attended the Army School of the Americas from 1946 to 1994, in response to a FOIA request from a public interest group.  856 F.3d at 630.  After the School of the Americas was replaced with the Western Hemisphere Institute, the Department of Defense continued to disclose the list of instructors and students until 2004.  *Id.* at 634.  In 2005, the Army determined that it should stop releasing these lists due to the invasion of privacy that would result from disclosure.  *Id.*  Accordingly, the Department of Defense denied a 2011 FOIA request seeking the lists from 2005 to 2010 under Exemption 6.  *Id.* at 635.

In upholding the denial, the Ninth Circuit rejected the argument that because the government disclosed the names of "students and instructors until 2004, it must 'provide a satisfactory explanation' for its change in policy in order to invoke Exemption 6."  *Id.* at 645.  Regardless of the agency's prior release of the lists, "FOIA does not impose a duty on the government to provide a satisfactory explanation of a change in its policy; rather, it merely requires [the Court] to decide on the record before [it] whether disclosure of the requested information would give rise to a 'clearly unwarranted' invasion of privacy."  *Id.*

*Cameranesi* dispenses with Plaintiff's objection to the Coast Guard's 2017 policy change—the change in policy is simply not before the Court in this FOIA case.  To the extent Plaintiff also argues that it is entitled to those names on the current list that overlap with past versions of the list, Opp. at 4, 10, 19, it is mistaken.  The nature of an individual's privacy interest is in the "dissemination of information" and this interest "does not dissolve simply because that information may be available to the public in some form."  *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 500 (1994) [hereinafter *FLRA*].  Plaintiff's unfounded speculations aside, whether a name appeared

4

in the Merchant Vessels of the U.S. data file in 2017 reveals no information as to whether those same individuals continued to own their vessels after that date.[2]  Thus, even if it is known which individuals owned a vessel in 2017, Plaintiff is not entitled to the dissemination of *new information* as to who owned a vessel in the subsequent months and years.

Plaintiff's mistaken belief that Defendant must explain the 2017 policy change under FOIA also explains Plaintiff's attacks on Captain Neubauer's Declaration, which Plaintiff objects to because Captain Neubauer is not involved with the NVDC or its policies.  Opp. at 13–15.  Plaintiff is correct; Captain Neubauer is not part of the NVDC.  He is the head of the office in charge of processing Plaintiff's FOIA request that is at issue in this case and his declaration is based on both his personal knowledge and his review of Coast Guard records.  Neubauer Decl. ¶¶ 1, 2 & 5.  His declaration is not submitted to explain the 2017 policy change—which Defendant need not explain under *Cameranesi*—but is instead submitted to explain the processing of the FOIA request and the Coast Guard's basis for invoking Exemptions 6 and 7(C).  *See Lewis v. IRS*, 823 F.3d 375, 378 (district court "need look no further" than agency affidavits if they "contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption").  Plaintiff submits no evidence that calls the processing of its FOIA request into question.  Accordingly, Plaintiff's attacks on the declaration are unfounded.

---

[2] Plaintiff also states that it obtained an unredacted copy of the Merchant Vessels of the U.S. data file from the Coast Guard's website in May 2021.  Opp. at 9.  Defendant acknowledges that the Coast Guard inadvertently released some PII of vessel owners when it uploaded the public version of the May 2021 data file.  The Coast Guard corrected this inadvertent release in the June 2021 data file and the PII continues to be redacted.  *See* https://www.dco.uscg.mil/Our-Organization/Assistant-Commandant-for-Prevention-Policy-CG-5P/Inspections-Compliance-CG-5PC-/Office-of-Investigations-Casualty-Analysis/Merchant-Vessels-of-the-United-States/ (redacted version publicly available for download).  This inadvertent disclosure of the May 2021 data file has no bearing on whether Exemption 6 applies to the PII at issue in any future data file.  *Cf. Forest Serv. Emps. for Envtl. Ethics v. U.S. Forest Serv.*, 524 F.3d 1021, 1025 n.3 (9th Cir. 2008) ("As a preliminary matter, we reject the [plaintiff's] contention that the unauthorized leak of the unredacted Cramer Fire Report or OSHA's decision to identify certain employees in its own report diminishes the Forest Service's ability to apply Exemption 6 to redact the identities from the Report.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     *b.*  *The release of organizational entities' names and addresses*

   Plaintiff next argues that individuals lack a privacy interest in their PII because the Coast Guard selectively redacted the PII of individuals, while not redacting the names and addresses of other entities, such as corporations or trusts.  Opp. at 4, 9–10. Plaintiff's speculation that this was an arbitrary decision made in a back room somewhere only reveals Plaintiff's unfamiliarity with FOIA.  The Supreme Court has held that corporations and other artificial entities do not possess personal privacy interests under FOIA—Exemptions 6 and 7(C) only protect the privacy interests of individuals.  *FCC v. AT&T Inc.*, 562 U.S. 397, 409–10 (2011) (holding that "personal privacy" in FOIA refers to individual persons).[3]  Accordingly, Defendant's selective redaction of PII is not evidence of some arbitrary decision; Defendant only redacted the PII of individuals from the FOIA release because individuals are the only ones with a personal privacy interest under FOIA.

     *c.*  *Selective disclosure to outside groups*

   Finally, Plaintiff argues that because the Coast Guard selectively shares the unredacted Merchant Vessels of the U.S. data file with certain state and international entities, Defendant has essentially waived Exemption 6.  Opp. at 4, 12–13, 19–20.  But Plaintiff's argument fundamentally fails to understand the nature of FOIA and Exemption 6.

   Plaintiff fails to recognize that a FOIA release is not a release to the specific requester but is instead a release to the general public.  *Forest Serv. Emps.*, 524 F.3d at 1025 ("FOIA provides every member of the public with equal access to public documents and, as such, information released in response to one FOIA request must be released to the public at large.").  As noted above, personal privacy under Exemption 6 concerns the *individual's interest* in dissemination of information—even if that

---

  [3] While *FCC v. AT&T Inc.* concerns Exemption 7(C), as noted in Defendant's Motion, courts treat the personal privacy interest analysis as interchangeable between Exemptions 6 and 7(C).  *See FLRA*, 510 U.S. at 496 n.6.

1    information is already public in some form.  Accordingly, it does not follow that simply

2    because an agency shares information with selected recipients on an as-needed basis, the

3    *public at large* is entitled to that information.  Plaintiff cites no authority to support this

4    argument—nor can it, since this argument has been rejected.  *See Sherman v. U.S. Dep't*

5    *of Army*, 244 F.3d 357, 363–64 & n.12 (5th Cir. 2001) (holding that the Army did not

6    waive Exemption 6 by previously sharing the information with outside groups;

7    collecting cases from other circuits with similar holdings under Exemption 7(C)).

8        Plaintiff also fixates on the fact that vessel owners were never promised privacy

9    by the Coast Guard, arguing—again, without any citation to authority—that they

10   therefore have no personal privacy interest in their PII.  Opp. at 4, 10–12, 19.  But, again,

11   courts have rejected this argument.  *Cameranesi*, 856 F.3d at 642 ("As a legal matter, 'an

12   assurance of confidentiality from the government' is not a necessary condition 'for the

13   existence of a cognizable personal privacy interest under Exemption 6.'").

14       In short, Plaintiff presents no arguments that are supported by authority to explain

15   why individuals would not have a personal privacy interest in their PII.  Accordingly,

16   Defendant has met its burden of demonstrating that a significant and nontrivial privacy

17   interest is at stake.

18           3.    Release of the vessel owners' names and addresses would not

19                 advance the public interest.

20       Plaintiff has not met its burden of demonstrating that release of the PII at issue is

21   likely to advance a significant public interest.  MSJ at 11–13.  Plaintiff argues that the

22   public interest would be advanced because the PII would allow it and others in the

23   boating industry "to research PII to help them correctly and efficiently effectuate

24   registration, renewals, and transfer of vessels."  Opp. at 20.  In other words, releasing the

25   PII would allow Plaintiff to solicit potential customers for its vessel registration

26   business.  *See* Opp. at 5–6, 16, 21; *see also* Soria Decl. ¶¶ 32–42, 44.  Under Exemption

27   6, "the only relevant public interest is the extent to which disclosure would contribut[e]

28   significantly to public understanding of the operations or activities of the government."

                                              7

*Forest Serv. Emps.*, 524 F.3d at 1025.  Plaintiff does not dispute that the public version of the Merchant Vessels of the U.S. data file contains significant information concerning individual vessels.  *See* Neubauer Decl. ¶ 10; Pl.'s Resps. to Def.'s Uncontroverted Facts at 1 (admitting SUF No. 4); *see also* Neubauer Decl. Ex. B (sample from redacted data file showing seventy-one unredacted columns of potential information).  This public information provides ample data for anyone interested in tracking vessel documentation and Plaintiff has not shown how revealing the PII of vessel owners will significantly advance the public interest.  *See Minnis*, 737 F.2d at 787 ("Use of the list for advertising purposes confers no public benefit weighing in favor of disclosure.").

Plaintiff also points to an apparently defunct webpage from the National Oceanic Atmospheric Administration that identifies several reasons why, as a public policy matter, this PII used to be public.  Opp. at 21–22.  But none of these reasons significantly advance the public's understanding of government activities, which is the only relevant public interest under FOIA.  *Forest Serv. Emps.*, 524 F.3d at 1025.

Finally, to the extent Plaintiff claims this information would help address the alleged deficiencies in the NVDC, Plaintiff readily admits that the Government Accountability Office has already published a report investigating these issues.  Opp. at 15–16.  Plaintiff has not shown how the PII at issue would significantly add to the public's understanding of the NVDC in light of this existing report.  *See Forest Serv. Emps.*, 524 F.3d at 1027; MSJ at 12.  Because Plaintiff has failed to show how the public interest would be significantly advanced by the PII at issue, the balancing test weighs in favor of nondisclosure.  Accordingly, Defendant is entitled to summary judgment.

## C.   The Coast Guard properly withheld the names and addresses of vessel owners under FOIA Exemption 7(C).

While the Court need not reach this argument if it grants Defendant's Motion under Exemption 6, Defendant is also entitled to summary judgment under Exemption 7(C).  MSJ at 13–15.  The threshold issue for Exemption 7(C) is whether the records were compiled for law enforcement purposes.  *Church of Scientology Int'l v. IRS*, 995

8

F.2d 916, 919 (9th Cir. 1993).  If so, then courts apply a similar balancing test to determine if disclosure is warranted.  Plaintiff argues that Exemption 7(C) cannot apply because the NVDC does not serve a law enforcement function.  Opp. at 22–23.  But this argument conflates the NVDC with the Coast Guard as a whole and confuses the Exemption 7(C) analysis.

The Merchant Vessels of the U.S. data file is not created by the NVDC; data from the NVDC's Vessel Documentation System is combined with data from the Maritime Information for Safety and Law Enforcement database to compile the file.  Neubauer Decl. ¶ 9; *see also* Pl.'s Resps. to Def.'s Uncontroverted Facts at 1 (admitting SUF No. 5).  This data file is then utilized by various Coast Guard elements for law enforcement purposes.  Neubauer Decl. ¶ 17.  Accordingly, the Coast Guard compiled these records to carry out a law enforcement function and Exemption 7(C) applies.

In any event, even if the agency does not have a clear law enforcement function, Exemption 7(C) can still apply if the agency demonstrates that it compiled the record for a purpose that falls "within its sphere of enforcement authority" on any particular matter. *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 748 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. FDA*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc) (per curiam).  Plaintiff does not meaningfully dispute that the Coast Guard compiles and uses these records in its law enforcement actions.  Accordingly, these records fall within Exemption 7.

As discussed above, individuals have a clear privacy interest in their names and addresses, while there is little, if any, public interest that the release of the information would satisfy.  Therefore, the Coast Guard properly withheld this information under Exemption 7(C).

### D. Plaintiff has waived any sur-reply by failing to cross-move for summary judgment.

Plaintiff has waived any further reply by electing not to file a cross-motion for summary judgment.  In accordance with the parties' proposed schedule, the Court issued

9

a scheduling order that anticipated Plaintiff would file an Opposition and Cross-Motion for Summary Judgment on November 5, 2021, with this being Defendant's Reply and Opposition, and Plaintiff concluding the briefing with a final Reply on December 3, 2021.  ECF No. 26.  However, Plaintiff did not cross-move for summary judgment. Accordingly, this Reply concludes the briefing on Defendant's Motion and Plaintiff should not be permitted to file any sur-reply.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff has failed to raise any triable issue of material fact and has failed to show that the PII in the Merchant Vessels of the U.S. data file should be released under FOIA.  Accordingly, Defendant asks that the Court grant its Motion for Summary Judgment.

Dated:  November 19, 2021             Respectfully submitted,

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section


_/s/Ryan C. Chapman_
RYAN C. CHAPMAN
Assistant United States Attorney

Attorneys for Defendant
United States Coast Guard